# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
Northern Division

| | |
|---|---|
| ALEXANDER YOUNG<br><br>　　Plaintiff,<br><br>v.<br><br>BRAVURA INFORMATION<br>TECHNOLOGY SYSTEMS, INC.,<br><br>　and<br><br>CLAUDINE ADAMS,<br><br>　　Defendants. | 1:18-cv-00376-ELH |

## ANSWER OF DEFENDANTS CLAUDINE ADAMS AND BRAVURA INFORMATION TECHNOLOGY SYSTEMS, INC.

Defendants Bravura Information Technology Systems, Inc. ("Bravura") and Claudine Adams ("Adams") (collectively, "Defendants") hereby respond and answer each numbered paragraph of Plaintiff's Complaint as follows:

1. Defendants deny the allegations in Paragraph 1 of Plaintiff's Complaint, deny any liability to Plaintiff, and further deny that Plaintiff is entitled to any damages in this action.

## JURISDICTION AND VENUE

2. Defendants admit that jurisdiction is proper under 28 U.S.C. § 1331.

3. Defendants admit that they are each subject to personal jurisdiction in this District.

4. Defendants admit that venue is proper in this District under 28 U.S.C. § 1391.

## PARTIES

5. Defendants admit that Bravura employed Plaintiff to work in Arizona, and Bravura senior management directed the company from Bravura's headquarters in Aberdeen,

Maryland. Defendants presently lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and therefore deny the same.

    6.    Admitted.

    7.    Admitted.

    8.    Admitted.

    9.    Admitted.

    10.    Admitted.

    11.    Admitted.

    12.    Admitted.

    13.    Admitted.

    14.    Paragraph 14 calls for a legal conclusion to which no response is required. Defendants admit Bravura was Plaintiff's employer and otherwise denies all factual allegations in Paragraph 14.

    15.    Admitted.

    16.    Admitted.

    17.    Admitted.

    18.    Admitted.

    19.    Admitted.

## **FACTUAL ALLEGATIONS**

    20.    Admitted.

    21.    Defendants admit that Bravura employees, including Plaintiff, were paid twice per month, with the first pay period covering the 1st through 15th of each month and the second from the 16th through the last day of each month. Defendants deny the remaining allegations.

22. Admitted.

23. Denied.

24. Admitted.

25. Admitted.

26. Admitted.

27. Defendants admit only that Plaintiff worked more than 40 hours in several workweeks, but deny that he did so in every workweek.

28. Defendants admit only that Plaintiff worked more than 40 hours in several workweeks with the knowledge and permission of Bravura, but deny that he did so in every workweek.

29. Denied.

30. Defendants admit that Plaintiff's job duties included the activities listed in subparagraphs a–f, but denies that the duties listed were Plaintiff's only job duties or primary job duties.

31. Denied.

32. Defendants admit that Plaintiff did not manage the entire Bravura enterprise, but deny that he did not manage a division of that enterprise.

33. Denied.

32. Denied.[1]

33. Admitted.

34. Admitted.

---

[1] Plaintiff's Complaint contains a numbering error following the first paragraph numbered 33. This list contains two paragraphs, numbered 32 and 33, that are duplicative of the numbering of earlier paragraphs. For the sake of clarity as to which paragraph Defendants are responding to, Defendants have replicated Plaintiff's error in this Answer.

35. Denied.

36. Denied.

37. Defendants presently lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore deny the same.

38. Defendants admit that Bravura promoted Justin Hamilton to Operations Manager on July 1, 2017. Bravura therefore denies that Mr. Hamilton served as Operations Manager "at all time relevant hereto." Prior to his promotion, Mr. Hamilton worked for Bravura as a Deployment Specialist, and Bravura admits that, in that capacity, Mr. Hamilton generally oversaw Bravura's deployment tasks and activities.

39. Defendants admit that Mr. Hamilton reported to Bravura Director of Operations Jimmy Dalcourt, and deny any remaining allegations.

40. Defendants deny that Mr. Hamilton was ever Plaintiff's direct supervisor or a proper channel for raising employment issues or wage and hour issues.

41. Defendants admit that in February 2017, Myles Browne became a Training Manager for Bravura working from headquarters in Aberdeen, MD with some travel to Yuma, AZ. Defendants admit that Mr. Browne had general oversight responsibilities over Bravura's Yuma operations as of April 2017, when he became Operations Manager. Defendants deny any remaining allegations.

42. Defendants deny that Plaintiff reported to Mr. Hamilton for the first eight months of his employment.

43. Defendants admit that Mr. Dalcourt, as the Director of Operations, worked with Ms. Adams at Bravura Headquarters.

44. Defendants admit that during parts of Plaintiff's employment he reported to Mr. Dalcourt.

45. Defendants presently lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

51. Defendants admit only that Plaintiff's job duties sometimes required working more than 40 hours in a workweek but deny the remaining allegations of this paragraph, including Plaintiff's subjective characterizations.

52. Defendants presently lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same. Defendants deny that Plaintiff ever complained to Hamilton or Browne about being misclassified or not being paid overtime.

53. Defendants admit that Plaintiff complained to Browne generally about the number of hours he was working but deny that he complained about misclassified or not being paid overtime.

54. Defendants admit that Plaintiff had mentioned the prior lawsuit to Browne.

55. Defendants admit that after hiring more employees to support the Yuma operations, Plaintiff was only required to work forty hours each workweek, but denies that it was

a result of Plaintiff's alleged complaints regarding unpaid overtime. Defendants deny the remaining allegations in this paragraph.

56. Denied.

57. Denied.

58. Denied.

59. Defendants admit that on August 29, 2017, Bravura terminated Plaintiff's employment.

60. Admitted.

61. Defendants admit that on September 8, 2017, Ms. Adams responded to Plaintiff's e-mail correspondence.

62. Admitted.

## **COUNT I**

63. Defendants incorporate their responses to each and every allegation of the preceding paragraphs.

64. Paragraph 64 calls for a legal conclusion to which no response is required. Defendants admit Bravura was Plaintiff's employer and otherwise denies all factual allegations in Paragraph 64.

65. Paragraph 65 calls for a legal conclusion to which no response is required. Defendants admit Bravura was an employer/enterprise engaged in interstate commerce and/or the production of goods for commerce and otherwise denies all factual allegations in Paragraph 65.

66. Paragraph 66 calls for a legal conclusion to which no response is required. Defendants admit Bravura was Plaintiff's employer and otherwise denies all factual allegations in Paragraph 66.

67. Admitted.

68. Admitted.

69. Denied.

70. Denied

71. Denied.

72. Denied.

73. Denied.

74. Denied.

## COUNT II

75. Defendants incorporate their responses to each and every allegation of the preceding paragraphs.

76. Denied.

77. Denied.

78. Denied.

79. Denied

80. Denied.

81. Defendants admit that Plaintiff's employment was terminated on August 29, 2017, and deny the remaining allegations in this paragraph.

82. Denied.

83. Denied.

84. Denied.

## **COUNT III**

85. Defendants incorporate their responses to each and every allegation of the preceding paragraphs.

86. Paragraph 86 calls for a legal conclusion to which no response is required. Defendants admit Plaintiff's was an employee of Bravura and otherwise denies all factual allegations in Paragraph 86.

87. Paragraph 87 calls for a legal conclusion to which no response is required. Defendants admit Bravura was Plaintiff's employer and otherwise denies all factual allegations in Paragraph 87.

88. Paragraph 88 calls for a legal conclusion to which no response is required. Defendants admit Bravura was Plaintiff's employer and otherwise denies all factual allegations in Paragraph 88.

89. Denied.

90. Denied.

91. Denied.

92. Denied.

93. Denied.

94. Denied.

95. Denied.

96. Denied.

97. Denied.

98. Denied.

## PRAYER FOR RELIEF

Defendants deny all allegations contained in Plaintiff's prayer for relief and deny that Plaintiff is entitled to any of the requested relief in subparts (a)–(j), or any relief at all.

## AFFIRMATIVE DEFENSES

1. At all times during his employment with Bravura, Plaintiff was properly classified as exempt under 29 U.S.C. § 213(a)(1), and he is thus not entitled to overtime compensation.

2. Plaintiff's retaliation claim is barred because Bravura lawfully terminated his employment based on legitimate business factors other than his alleged protected activity.

3. Plaintiff's claim for damages is barred or reduced to the extent he has failed to properly mitigate his damages.

4. At all times relevant to this action, Defendants engaged in good-faith efforts to comply with the FLSA and to appropriately classify Plaintiff as exempt. Defendants actions were not willful.

5. To the extent Plaintiff engaged in misconduct during his employment that would have resulted in her termination had Bravura been aware of said misconduct, Plaintiff's claims are barred and/or his damages are precluded or limited as a result of his having engaged in such misconduct.

6. If it is proven that Bravura did not comply with the FLSA, Plaintiff is entitled to no more than one-half his regular rate of pay for overtime hours in a workweek because he salary was intended to, and did, compensate him for all hours worked.

7. If it is proven that Defendants did not comply with the FLSA, Defendants are entitled to set-off against any recovery by Plaintiff (a) any amounts paid him for hours he did not

work, and (b) for any compensation or benefits that he would not have received if he had been classified as a "non-exempt" employee within the meaning of the FLSA.

8. Defendants give notice that it intends to rely on any other defenses that may become apparent during discovery in this case, and hereby reserves its right to amend this Answer and/or to assert any such defenses in the future.

WHEREFORE, Defendants Bravura Information Technology Systems, Inc. and Claudine Adams pray for entry of judgment in their favor, and that the Court award them their costs in defending this action and such further relief that is just and proper.

Dated: March 8, 2018          Respectfully submitted,

/s/
Jessica L. Farmer (Bar No. 131217)
HOLLAND & KNIGHT LLP
800 17th Street N.W., Suite 1100
Washington, D.C. 20006
(202) 469-5222
Fax 202-955-5564
jessica.farmer@hklaw.com

*Counsel for Defendants*

# CERTIFICATE OF SERVICE

I hereby certify that on March 8, 2018, a copy of the foregoing was served via ECF to the following counsel of record:

Jeffrey R. Bloom, Esq. (Bar No. 18013)
Law Offices of Jeffrey R. Bloom, LLC
11821 Parklawn Drive, Suite 220
Rockville, MD 20852
Tel. (240) 499-8804
Fax (2400 235-4418

*Attorney for Plaintiff*

                                                  /s/
                                      Jessica L. Farmer